# ENNIS WATER WORKS *v.* CITY OF ENNIS.

## ERROR TO THE SUPREME COURT OF THE STATE OF TEXAS.

No. 305. Argued May 1, 4, 1914.—Decided May 25, 1914.

Although when the assertion is made that contract rights are impaired it is the duty of this court to determine for itself whether or not there was a valid contract, in considering a contract arising from a state law or a municipal ordinance this court will treat it as though there was embodied in its text the settled rule of law which existed in the State when the action relied upon was taken.

Where the state court based its decision on the ground that there was no original legislative contract to be impaired under a rule of state law which had been so conclusively established as to make the assertion that contract rights were impaired by subsequent legislation

frivolous and unsubstantial, there is no basis afforded for jurisdiction of this court to review the judgment under § 237, Judicial Code. Writ of error to review 105 Texas, 63, dismissed.

THE facts, which involve the jurisdiction of this court under § 237, Judicial Code, are stated in the opinion.

*Mr. G. C. Groce,* with whom *Mr. Jack Beall* was on the brief, for plaintiff in error:

The franchise ordinance in issue, if properly construed, grants no exclusive rights and creates no monopoly.

A franchise grant should, if practicable, be given a construction which will uphold it, rather than one which would render it illegal.

The City of Ennis had authority to make the contract herein in issue with reference to its own lakes, and the franchise is reasonable in terms.

This court, in determining whether there is a contract, and whether it is being impaired, contrary to the guaranties of the Federal Constitution, acts independently of the state courts.

The ordinances undertaking to annul and repeal the franchise are laws impairing the obligations of a contract.

This court has jurisdiction.

In support of these contentions, see *Altgelt* v. *San Antonio,* 81 Texas, 436; *Atlantic City Water Co.* v. *Consumers Water Co.,* 44 N. J. Eq. 427; *Bartholomew* v. *Austin,* 29 C. C. A. 568; *Caldwell* v. *Water Power Co.,* 44 N. J. Eq. 245; *City of Austin* v. *Nalle,* 85 Texas, 520; *C., B. & Q. Ry. Co.* v. *Nebraska,* 170 U. S. 57; *Brenham* v. *Water Co.,* 67 Texas, 542; *Vicksburg* v. *Water Co.,* 202 U. S. 553; *Walla Walla* v. *Water Co.,* 172 U. S. 1; Const. Texas, Art. I, §§ 23 and 26; *Cunningham* v. *Cleveland,* 39 C. C. A. 211; *Davis & F. Mfg. Co.* v. *Los Angeles,* 189 U. S. 207; *Edwards County* v. *Jennings,* 89 Texas, 621; *Grand Trunk Ry. Co.* v. *South Bend,* 227 U. S. 544; *Hamilton Gas Co.* v. *Hamilton,*

146 U. S. 258; *Hartford Fire Ins. Co.* v. *Houston*, 102 Texas, 317; *Water Works Co.* v. *Helena*, 195 U. S. 583; *Hurley Water Co.* v. *Vaughn*, 91 N. W. Rep. 971; *Ill. Savings Bank* v. *Arkansas City*, 22 C. C. A. 171; *In re Brooklyn*, 143 N. Y. 596; *Joplin* v. *Light Co.*, 119 U. S. 184; *Water Co.* v. *Little Falls*, 102 Fed. Rep. 663; *Long Island Water Co.* v. *Brooklyn*, 166 U. S. 685; *Mahon* v. *Columbus*, 58 Mississippi, 310; *Mayor* v. *Houston St. Ry. Co.*, 83 Texas, 548; *Mercantile Trust Co.* v. *Columbus*, 203 U. S. 311; *Morgan Bros.* v. *M., K. & T. Ry. Co.*, 110 S. W. Rep. 985; *Nor. Pac. Ry. Co.* v. *Minnesota*, 208 U. S. 590; *Water Co.* v. *Oconto*, 105 Wisconsin, 76; Rev. Stat. Texas, 1895, Art. 418; *Id.*, 1911, Art. 865; *State* v. *G., H. & S. A. Ry. Co.*, 100 Texas, 153; *Stearns* v. *Minnesota*, 179 U. S. 223; *Stein* v. *Bienville Water Co.*, 141 U. S. 67; *Gaslight Co.* v. *St. Paul*, 181 U. S. 142; *Water Co.* v. *Syracuse*, 116 N. W. Rep. 167; *Tex. Cent. R. R. Co.* v. *Marrs*, 100 Texas, 530; *Valparaiso* v. *Gardner*, 49 Am. Rep. 416; *Water Co.* v. *Waco*, 27 S. W. Rep. 675; *Water Co.* v. *Hutchinson*, 207 U. S. 385.

*Mr. Rhodes S. Baker* for defendant in error.

MR. CHIEF JUSTICE WHITE delivered the opinion of the court.

In March, 1909, the City of Ennis, Texas, passed an ordinance which purported to be a contract with A. M. Morrison, the owner of a waterworks system in the city, granting to him for the term of thirty years the privilege of supplying water to the city and its inhabitants from certain lakes or reservoirs owned by the city. Morrison accepted the ordinance and assigned his rights to the Ennis Water Works, the plaintiff in error. In April, 1909, the city passed an ordinance declaring that Morrison and the Ennis Water Works had derived no rights from the supposed contract made with them because the ordinance pur-

porting to confer such rights was originally void, and directing suit to be brought "to adjudicate the nullity of said claim of franchise and to regain for the city its rights in the premises." Suit was then brought to have it decreed that the alleged contract with Morrison was void. Pending the suit and before its decision, in March, 1910, for reasons which the record does not disclose, another ordinance in terms like the previous one was adopted by the city which was brought into the case by an amendment to the bill. A judgment in favor of the city was affirmed by the Court of Civil Appeals and by the Supreme Court (105 Texas, 63). This writ of error is prosecuted upon the assumption that the original ordinance was a contract and that the decree below gave effect to the subsequent ordinances thus impairing the obligation of the contract in violation of the Constitution of the United States.

At the outset our jurisdiction is challenged upon three grounds: 1. Because even under the assumption that the city ordinances were the sole authority for bringing the suit, those ordinances did not purport in any way to impair the contract if one existed, but simply directed a legal test to be made and therefore there was no subsequent act of impairment. 2. That even if the ordinances could be treated as impairing the supposed contract, the court below did not decide the case upon any theory that there was power to impair the contract if one existed, but exclusively rested its action upon the independent ground that the original ordinance at the time of its adoption was repugnant to the state constitution and was therefore void. 3. That even if it be the duty of this court to determine for itself whether the state court rightly concluded that there was originally no contract, nevertheless there is no jurisdiction in this case because the court below in deciding that there was originally no contract, based its action upon a rule of state law which had been so conclu-

sively determined at the time the alleged ordinance relied
on as a contract was adopted, that the assertion that there
is a contract right is of so frivolous and unsubstantial a
character as to afford no basis for jurisdiction.

.The face of the record so clearly manifests the correct-
ness of the third proposition, that we pass at once to its
consideration. It is apparent on the face of the opinion
· of the court below that it did not at all rest its conclusion
upon original reasoning concerning the asserted contract,
‑ but only applied to the decision of that question a doctrine
which long prior to the adoption of the ordinance relied on
as a contract had been announced by the court of last
resort of Texas in *City of Brenham* v. *Brenham Water
Company* (67 Texas, 542, decided in 1887), in which case
there was involved a city ordinance which was substan-
tially identical with the one which is here under considera-
tion. Nothing could more conclusively demonstrate this
view than does the following excerpt from the opinion of
the court below:

"If this court is to adhere to the holding in the *Brenham*
case, then we are forced to the conclusion that the judg-
ment of the Court of Civil Appeals should be affirmed, for
there is no possible theory upon which this case can be
distinguished from the *Brenham* case. This statement
will receive verification by a comparison of the two con-
tracts, as set out in the opinions in the two cases." (105
Texas, 71.)

After pointing out that the doctrine of the *Brenham*
case was consecrated by other decisions which had fol-
lowed it, and that the principle of interpretation which
it applied could not be said to be clearly erroneous, the
court said (p. 74):

"However, we do not feel called upon to enter into any
further discussion of the subject of the nature of the con-
tract in this case, as it has been construed by the *Brenham*
case, which authority has stood the acknowledged law

of this State for twenty-five years. At the time the con-
tract in the case at bar was entered into, the *Brenham*
case had been promulgated for over thirteen years and had
been approved by all the cases heretofore cited. It had
placed upon a similar contract a rule of construction, and
announced the general policy of the law of this State
that was well known to its bar and people. No rights
could have innocently accrued to the plaintiff in error
demanding a change of the law to meet a great and im-
perative necessity. If a harsh rule of construction had
been announced, it was not placed under a bushel, but
set upon a hill. Such contract had been declared repug-
nant to the Constitution, and the provisions of that in-
strument declaring monopolies and perpetuities contrary
to the genius of a free government had received a definite
construction."

It is insisted, however, that since it is our duty when the
assertion is made that contract rights are impaired to
determine for ourselves whether or not there was a valid
contract, we must hence now determine this controversy
by resort to original reasoning without regard to the action
of the court below in applying the state rule. But while
the premise upon which this contention rests is well
founded, the error lies in the deduction which seeks to
make it applicable to this case. This is clearly the case
since the doctrine which the premise embodies is subject
to this qualification, that where a contract which is relied
upon arises from a state law or municipal ordinance having
the effect of such law, in interpreting for itself such law
or ordinance this court will not give to it a meaning in
conflict with the settled rule of the State at the time the
law was enacted or the ordinance adopted. In other words,
that where we come to consider a contract arising from a
state law or ordinance we will treat it as if there was
embodied in its text the settled rule of law which existed
in the State at the time the state action relied upon as a

contract was taken. *Burgess* v. *Seligman*, 107 U. S. 20; *Warburton* v. *White*, 176 U..S. 484; *Gulf & Ship Island R. R.* v. *Hewes*, 183 U. S. 66; *Freeport Water Co.* v. *Freeport*, 180 U. S. 587; *Great Southern Hotel Co.* v. *Jones*, 193 U. S. 532, 548.

As by the application of this settled rule the absolute want of foundation for the asserted claim of Federal right appears on the face of the ordinance relied upon, it follows that there was no foundation whatever for the theory upon which the jurisdiction of this court was invoked, and hence it is our duty to dismiss the cause for want of jurisdiction because of the absolutely unsubstantial and frivolous character of the Federal right relied upon.

*Dismissed for want of jurisdiction.*