# UNITED STATES FIDELITY & GUARANTY COM-
PANY *v.* STATE OF OKLAHOMA ET AL.

ERROR TO THE SUPREME COURT OF THE STATE OF
OKLAHOMA.

No. 304.    Argued April 17, 1919.—Decided May 19, 1919.

The court has no jurisdiction on error, under Jud. Code, § 237, as
amended, on the ground that a state law was sustained against a
claim that it impaired the obligation of a prior contract, where the
state court appears to have rested its judgment, reasonably, on
earlier laws and decisions, without any application of the law in
question.

Writ of error to review 168 Pac. Rep. 234, dismissed.

THE case is stated in the opinion.

*Mr. C. B. Ames* for plaintiff in error.

*Mr. H. L. Stuart,* with whom *Mr. S. P. Freeling,* At-
torney General of the State of Oklahoma, and *Mr. W. A.
Ledbetter* were on the brief, for defendants in error.

MR. JUSTICE MCREYNOLDS delivered the opinion of the
court.

May 18, 1909, plaintiff in error became surety upon a
bond to secure repayment of funds to be deposited by

Commissioners of the Land Office of Oklahoma with the Columbia Bank & Trust Co. After receiving more than $50,000 the Trust Company became insolvent, and in September, 1909, refused to honor a proper demand therefor. The State sued the surety in one of its own courts, December 24, 1909, and judgment there for full amount of the bond was affirmed by the Supreme Court, October 9, 1917. 168 Pac. Rep. 234.

The cause is here on writ of error and jurisdiction of this court is challenged upon the ground that the suit is not one "where is drawn in question the validity of a treaty or statute of, or an authority exercised under the United States, and the decision is against their validity; or where is drawn in question the validity of a statute of, or an authority exercised under any State, on the ground of their being repugnant to the Constitution, treaties, or laws of the United States, and the decision is in favor of their validity." Judicial Code, § 237, as amended by Act approved September 6, 1916. We think the point well taken and the writ must be dismissed.

In support of our jurisdiction it is said: "The case is properly here by writ of error because it involves the validity of legislation of the State of Oklahoma alleged by the plaintiff in error to impair the obligation of its contract." But we have often held that mere assertion of a claim in respect of some constitutional right is not sufficient; there must be a real and substantial controversy of the required character which deserves serious consideration. *Ennis Water Works* v. *City of Ennis*, 233 U. S. 652, 658.

Counsel for plaintiff in error further say: "Our position is that under this bond and the statutes in force at the time it was executed a contract was created between the State, the Columbia Bank & Trust Company, and the United States Fidelity & Guaranty Company, pursuant to which the Guaranty Company was liable to the State

for such loss as it might sustain by reason of the failure of the Trust Company; that the Guaranty Company was entitled to exoneration from the Trust Company and to contribution from the guaranty fund; and that this contract was impaired by the Act of March 6, 1913." (§ 9, c. 22, Session Laws, 1913.) It provides, "No deposit in a state bank, otherwise secured, shall be protected by, or paid out of, the Depositors' Guaranty Fund created under the laws of the State of Oklahoma, nor included in the computation of average daily deposits as a basis for assessments. No deposit in any state bank, on which a greater rate of interest is allowed or paid, either directly or indirectly, than is permitted by the rules of the Bank Commissioner, shall participate in the benefits of the Guaranty Fund."

The opinion of the Supreme Court makes no reference to the Act of March 6, 1913, and we can discover no plausible basis for the argument that, notwithstanding such omission, force and effect were really given thereto—that it must have been the basis of the decision. The court approved, and undertook to support its conclusion by former opinions, commencing with *Columbia Bank & Trust Co.* v. *United States Fidelity & Guaranty Co.*, 33 Oklahoma, 535, decided in 1912, which, it declared, show a consistent view contrary to the position maintained by plaintiff in error. And an examination of these opinions leaves no doubt that they are relevant and tend to uphold the doctrine applied in the present cause. We find nothing to indicate a purpose to give effect to the specified act.

*Dismissed.*