165 P.2d 677]

[L. A. No. 19485. In Bank. Feb. 1, 1946.]

CITY OF LONG BEACH, Appellant, v. WALTER H. LENTZ et al., Respondents; HYRUM C. ENGLAND, Intervener and Respondent.

Irving M. Smith, City Attorney, and Clifford E. Hayes, Deputy City Attorney, for Appellant.

Walhfred Jacobson and John F. McCarthy, as Amici Curiae, on behalf of Appellant.

Joseph A. Ball for Respondent.

Kenneth Sperry and James C. Webb for Intervener and Respondent.

THE COURT.—Plaintiff city has appealed from a judgment declaring that it is obligated by its charter to pay the pension claims of certain members and former members of its police and fire departments and that it is under a duty to appropriate and make available sufficient funds to pay all pensions due and which may become due in the future.

The facts are substantially the same as in *England* v. *City of Long Beach, ante,* page 343 [163 P.2d .865], except that here certain of the employees are still employed by the city although they served for a period of twenty years prior to the repeal of the entire pension plan, effective as of March 29, 1945. The city concedes, however, that all of the persons involved herein have vested rights which were not destroyed by the repeal.

The problem thus presented has been fully determined by our decision in the England case, where it was held that the pension payments directed to be made by subdivision 2 of section 187 of the charter, as amended in 1925 and 1931, constitute general obligations of the city and are not limited in the manner urged by the city. The declaratory relief granted in the present case is entirely in accord with that decision.

The judgment is affirmed.