Peter M. TERPINAS,
Plaintiff/Appellee/Cross-Appellant,

v.

SEAFARER'S INTERNATIONAL UNION OF NORTH AMERICA, PACIFIC DISTRICT—Pacific Maritime Association, SIU Pacific District-PMA Supplemental Benefits Funds, Inc., Does 1–100 Inclusive, Defendants/Appellants/Cross-Appellees.

Nos. 83–1606, 83–1663.

United States Court of Appeals,
Ninth Circuit.

Jan. 3, 1984.

Dennis Daniels, San Francisco, Cal., for defendants/appellants/cross-appellees.

Anderson & Weir, Sacramento, Cal., for plaintiff/appellee/cross-appellant.

Before SCHROEDER and FERGUSON, Circuit Judges, and STEPHENS,* District Judge.

STEPHENS, Senior District Judge.

Appellant/cross-appellee SIU Pacific District—PMA Pension Plan appeals from the district court's grant of summary judgment awarding appellee/cross-appellant Terpinas a minimum disability pension. Terpinas

cross-appeals the district court's denial of Terpinas' motion for attorney's fees. Jurisdiction in the district court was founded on Section 502(f) of the Employee Retirement Income Security Act (ERISA), 29 U.S.C. § 1132(f) and Section 301(a) of the Labor Management Relations Act, 29 U.S.C. § 185(a). Jurisdiction in this court is founded on 28 U.S.C. § 1291.

In 1957, the Marine Cooks and Stewards Union and the Pacific Maritime Association (PMA) executed a collective bargaining agreement which provided for the establishment and administration of the SIU Pacific District—PMA Pension Plan (The Plan). The Plan was funded exclusively by employer contributions. The benefits provided by the Plan included three retirement pensions and a disability pension. Under the terms of the Plan, a union member was entitled to a disability pension of $125 per month upon proof of permanent disability and accumulation of at least 10 years of "qualifying time." The Plan defined qualifying time as "[t]ime for which an employer contribution is required to be paid . . . ." Employer contributions were required for the time an employee engaged in "covered employment." Covered employment included employment as an unlicensed seaman in the deck, engine, or stewards department. In addition, qualifying time could be based on certain types of covered employment which did not require employer contributions. These types of covered employment included periods when a seaman was temporarily disabled, in military service, or receiving supplemental wage benefits, i.e., cash payments made to seaman who qualify under the terms of the general collective bargaining agreement.

Terpinas joined the Marine Cooks and Stewards Union in 1963. He subsequently accumulated qualifying time toward a pension by employment with several maritime employers. He also accumulated qualifying time through substantial periods of disability and by his eligibility to receive supple-

* Hon. Albert Lee Stephens, Jr., Senior United States District Judge for the Central District of California, sitting by designation.

mental wage benefits. In 1973, Terpinas was notified by the Plan Office that he had accumulated 10.5 years of qualifying time towards a pension.

In 1976, the Plan was amended by agreement between the union and the PMA to comply with ERISA. Under the amended Plan, participants could no longer base qualifying time on periods of disability or reception of supplemental wage benefits.

On December 18, 1978, the Seaman's Medical Center found Terpinas permanently not fit for sea duty. On the same day, Terpinas applied for a minimum disability pension from the Plan.

In a letter dated January 25, 1979, the Plan Office denied Terpinas' application because it had determined that Terpinas had accumulated only 1922 days (9.61 years) of qualifying time based on covered employment. Terpinas filed an appeal to the Trustees of the Plan, but in a letter dated July 31, 1979, the Trustees denied Terpinas' claim. Subsequently, Terpinas filed an action in the California Superior Court for the City and County of San Francisco to establish eligibility for a minimum disability pension. A petition for removal to the United States District Court for the Northern District of California was filed by defendants and granted by the court. The district court heard the matter on cross-motions for summary judgment. Summary judgment was granted in favor of Terpinas, but his motion for attorney's fees was denied.

*Disability Pension Benefits*

■ Congress enacted ERISA for the primary purpose of protecting the beneficiaries of pension and welfare plans. *Gordon v. ILWU—PMA Ben. Funds,* 616 F.2d 433, 437 (9th Cir.1980); *Hepple v. Roberts & Dybdahl, Inc.,* 622 F.2d 962, 964 (8th Cir.1980). 29 U.S.C. § 1132(a)(1)(B) provides that a civil action may be brought by a participant or beneficiary "to recover benefits due to him under the terms of his plan, to enforce his rights under the terms of the plan, or to clarify his rights to future benefits under the terms of the plan." The legislative history of ERISA indicates that by this section Congress intended to create a body of federal common law governing pension

rights which would augment the rights created by ERISA's substantive provisions. *Woodfork v. Marine Cooks & Stewards Union,* 642 F.2d 966, 972–73 (5th Cir.1981). This body of federal common law allows a court to "interpret a pension plan's terms in light of a worker's pre-ERISA state law rights." *Woodfork, supra,* at 973. Accordingly, Terpinas may assert his substantive rights in the pre-ERISA plan pursuant to California law "as part of a judicially created body of federal law governing pension entitlement." *Id.*

■ By the terms of the Plan, employer contributions to the pension fund represent deferred compensation. Under California law, an employee acquires a vested right to pension benefits when he has acquired the prescribed period of service. *See Kern v. City of Long Beach,* 29 Cal.2d 848, 855, 179 P.2d 799 (1947). However, California law distinguishes between the vesting of pension rights and the maturing of pension benefits. *In Re Marriage of Brown,* 15 Cal.3d 838, 544 P.2d 561, 126 Cal.Rptr. 633 (1976). A pension right is vested if the employer cannot unilaterally repudiate that right without terminating the employment relationship. *Id.* at 842, 544 P.2d at 563, 126 Cal.Rptr. at 635. Maturing occurs only after the conditions precedent to payment of the benefits have been satisfied. "Depending upon the provisions of the retirement program, an employee's right may vest after a term of service even though it does not mature until he reaches retirement age . . . . ." *Id.*

■ In the instant case, the record indicates that Terpinas acquired more than 10 years qualifying time prior to the 1976 amendment to the Plan. Under California law, therefore, Terpinas at that time acquired a vested right to a minimum disability pension, even though his right to immediate payment of disability benefits had not yet matured. The amendment to the Plan, which eliminated certain categories of covered employment that Terpinas had based a significant amount of his qualifying time on, could not operate retroactively to destroy or alter Terpinas' vested rights.

Upon becoming permanently disabled in 1978, Terpinas' right to a minimum disability pension matured, thereby entitling him to immediate payment of disability benefits. The district court correctly granted summary judgment in favor of Terpinas.

*Attorney's Fees*

■ 29 U.S.C. § 1132(g) authorizes a court in its discretion to award attorney's fees and costs of an action to either party. In *Hummell v. S.E. Rykoff & Co.,* 634 F.2d 446 (9th Cir.1980), this court stated the following factors relevant to an award of attorney's fees under Section 1132(g):

> (1) The degree of the opposing parties' culpability of bad faith; (2) the ability of the opposing parties to satisfy an award of fees; (3) whether an award of fees against the opposing parties would deter others from acting under similar circumstances; (4) whether the parties requesting fees sought to benefit all participants and beneficiaries of an ERISA plan or to resolve a significant legal question regarding ERISA; and (5) the relative merits of the parties' positions.

634 F.2d at 453.

In the instant case, the record reveals that the district court based its denial of Terpinas' request for attorney's fees on the absence of bad faith on the part of the appellant. However, Section 1132(g) does not require Terpinas to show bad faith on the part of the Plan in order to recover attorney's fees. *Landro v. Glendenning Motorways, Inc.,* 625 F.2d 1344, 1356 (8th Cir.1980). Bad faith is only one factor to be considered among several. Refusal to award attorney's fees on this ground is a mistake of the law applicable.

The district court's grant of summary judgment is affirmed, and the denial of Terpinas' motion for attorney's fees is remanded for further consideration.