[Civ. No. 31381. First Dist., Div. Two. Jan. 31, 1973.]

ELLIOTT M. AMUNDSEN, Plaintiff and Appellant, v.
PUBLIC EMPLOYEES' RETIREMENT SYSTEM et al.,
Defendants and Respondents.

## COUNSEL

E. M. Amundsen, in pro. per., for Plaintiff and Appellant.

Evelle J. Younger, Attorney General, Elizabeth Palmer, Assistant Attorney General, N. Eugene Hill and William J. Power, Deputy Attorneys General, for Defendants and Respondents.

## OPINION

**THE COURT.**—The facts in this case are not in dispute. Prior to July 1, 1971, the operative date of chapter 170 of the Statutes of 1971, which made a number of changes in the Public Employees' Retirement Law, the appellant could have retired from state service because he had reached age 55 and had more than $500 in retirement contributions on deposit. Under the new law he will be eligible to retire only after five years of service and he will not have five years of service until December 31, 1973. ▆ Appellant contends that he has been deprived of the right to retire on December 31, 1972, as was his intention, and that this is an unconstitutional impairment of his pension rights.

▆ Although section 21203 of the Government Code provides that "after a member [of the retirement system] has qualified as . . . to age and service for retirement for service, nothing shall deprive him of the right to a retirement allowance. . . ." it is subject to an implied qualification that a governing body may make reasonable modifications before pensions become payable. ▆ "[A]n employee may acquire a vested contractual right to a pension but . . . this right is not rigidly fixed by the specific terms of the legislation in effect during any particular period in which he serves. The statutory language is subject to the implied qualification that the governing body may make modifications and changes in the system. The employee does not have a right to any fixed or definite benefits, but only to a substantial or reasonable pension. There is no inconsistency therefore in holding that he has a vested right to a pension but that the amount, terms and conditions of the benefits may be altered." (*Kern* v. *City of Long Beach* (1947) 29 Cal.2d 848, 855 [179 P.2d 799].)

▆ "An employee's vested contractual pension rights may be modified prior to retirement for the purpose of keeping a pension system flexible to permit adjustments in accord with changing conditions and at the same time maintain the integrity of the system. [Citations.] Such modifications must be

reasonable, and it is for the courts to determine upon the facts of each case what constitutes a permissible change. ■ To be sustained as reasonable, alterations of employees' pensions rights must bear some material relation to the theory of a pension system and its successful operation, and changes in a pension plan which result in disadvantage to employees should be accompanied by comparable new advantages. [Citations.]" (*Allen* v. *City of Long Beach* (1955) 45 Cal.2d 128, 131 [287 P.2d 765].) "[I]t is advantage or disadvantage to the particular employees whose own contractual pension rights, already earned, are involved which are the criteria by which modifications to pension plans must be measured, . . ." (*Abbott* v. *City of Los Angeles* (1958) 50 Cal.2d 438, 449 [326 P.2d 484].)

■ The 1971 amendments bear a material relation to the theory of a pension system and its successful operation (see Stats. 1971, ch. 170, p. 235, § 49), and appellant makes no contention to the contrary. In considering whether disadvantages to appellant were accompanied by comparable new advantages, it should be noted that appellant could have elected to retire immediately prior to the effective date of the amendments, whereupon he would have been entitled to a pension based upon his own contributions to the retirement system and matching contributions by the State of California. By failing to do so, he was precluded by the amendments from retiring on a pension until December 31, 1973, and this was concededly a disadvantage. But the amendments also provided for a decreased percentage of employee contributions in appellant's case, and for a substantially higher pension upon retirement after five years of service. Thus the disadvantage was accompanied by comparable new advantages.

We do not consider appellant's subjective intent to retire on December 31, 1972 to be a factor in determining the constitutionality of the amendments. We agree with the trial court that "the mere fact that [appellant], individually, does not desire to share in [the] advantages does not affect the validity of the amendments insofar as they may apply to such employees."

The order is affirmed.