[Civ. No. 12831. Fourth Dist., Div. One. June 14, 1974.]

ORANGE COUNTY EMPLOYEES' ASSOCIATION et al.,
Plaintiffs and Appellants, v.
BOARD OF ADMINISTRATION, PUBLIC EMPLOYEES' RETIRE-
MENT SYSTEM, Defendant and Respondent.

[redacted]

## COUNSEL

Duffern H. Helsing for Plaintiffs and Appellants.

Evelle J. Younger, Attorney General, Elizabeth Palmer, Assistant Attorney General, and Edward M. Belasco, Deputy Attorney General, for Defendant and Respondent.

## OPINION

**BROWN (Gerald), P. J.**—Orange County Employees' Association and Alphonso Candella appeal a judgment denying them a peremptory writ of mandate to order respondent Board of Administration, Public Employees' Retirement System to pay Candella a pension.

Candella began work as a custodian for the City of Anaheim on September 12, 1967. He was a member of the Public Employees' Retirement System (PERS) and made contributions to it. By June 21, 1971, when he was over 55 years old, he had well over $500 on deposit in the PERS. He was "terminated" on February 24, 1972, after 4 years, 5 months and 12 days. On May 2, 1972, Candella was told he could withdraw his contributions from PERS or leave them on deposit in case he joined again by February 24, 1973. Candella rejected both options and asked for retirement. An executive officer of PERS denied Candella a pension on the ground Government Code section 20393[1] as amended in 1971 required

---

[1]"Any other provision in this part to the contrary notwithstanding, a member . . . *who is credited with five or more years of service* shall have the right to elect, not later than 90 days after the date upon which notice of said right is mailed by this system to the member's latest address on file in the office of this system, whether to leave such accumulated contributions on deposit in the Retirement Fund under any of the following conditions: (1) If his state service is discontinued by reason of resig-

him to have five years of service. A hearing officer decided section 20393 did not bar Candella from electing retirement under the previous law which required $500 in contributions rather than five years service for eligibility. The board refused to follow the hearing officer's recommendation and denied Candella's pension, saying he was not eligible.

At the pre-June 21, 1971, retirement rate actuarially Candella will lose about $7,800 plus contingent widow's benefits. The trial court denied Candella's petition for writ of mandate.

■ The only issue is whether Candella is eligible for a pension.

The board concedes Candella would have been eligible had he applied before July 1, 1971.[2] Eligibility before June 21, 1971, was determined by age and amount of contributions (Gov. Code, § 20953); after that date five years of service was substituted for the $500 minimum eligibility requirement (Gov. Code, § 20951).

Government Code section 21203 provides: ". . . after a member has qualified . . . as to age and service for retirement for service, nothing shall deprive him of the right to a retirement allowance as determined under this part." This section, however, does not dispose of Candella's case. "This sweeping language envelops a legislative purpose of more limited scope. The statutory history indicates that the section serves the objective of ensuring that once an employee has qualified for a pension, no statutory or administrative change in the retirement law can deprive him of his pension rights." (*Phillipson* v. *Board of Administration,* 3 Cal. 3d 32, 45 [89 Cal.Rptr. 61, 473 P.2d 765].) Section 103a, State Employees Retirement Act (Stats. 1943, ch. 640, § 23.5) from which section 21203 derived, contained the sentence: " 'Such retirement allowance and qualification therefor shall be subject *otherwise* to the provisions of this act.' (Italics added.) This language shows the legislative concern . . . other provisions of the retirement act, or future changes in the act, might deprive an employee of a vested pension right. The changes in wording which accompanied the codification of the State Employee's Retirement Act into the Government Code do not indicate any change in legislative intent." (*Phillipson* v. *Board of Administration, supra,* 3 Cal.3d 32, 45, fn. 13.)

---

nation or discharge. . . . *The provisions of this section as it read prior to the operative date of the amendment to this section at the 1971 Regular Session shall continue with respect to a member whose membership continued under this section on such operative date."* [Italics indicates changes or additions by amendment.]

[2]The effective date of the legislation is June 21, 1971. The difference in dates between July 1 and June 21 as to eligibility is immaterial.

The board argues the change in eligibility requirements cuts off Candella's pension, citing *Amundsen* v. *Public Employees' Retirement System,* 30 Cal.App.3d 856 [106 Cal.Rptr. 759]. *Amundsen* held the change was not an unconstitutional impairment of contract where an employee, with a "subjective intent" to retire when he could have under the old law, was required to work an extra year under the new eligibility standards. Amundsen was not deprived of a pension as Candella has been. His pension was merely delayed a year. Quoting from *Allen* v. *City of Long Beach,* 45 Cal.2d 128, 131 [287 P.2d 765], the *Amundsen* court noted on page 859, " 'it is for the courts to determine upon the facts of each case what constitutes a permissible change.' "

Candella's situation is more nearly that of the employee in *Kern* v. *City of Long Beach,* 29 Cal.2d 848 [179 P.2d 799]; his rights are not changed, they have been eliminated. In *Kern* the court held the city, by repealing all pension provisions for employee Kern, had impaired its constitutional obligation of his vested right to a pension. Indeed, Candella's case is stronger than that in *Kern.* Kern was 32 days short of qualifying for the pension when the law was changed, while Candella had fully qualified and had he wished, he could have retired with a pension, certainly by June 21, 1971.[3]

In the context of forfeiture of disability retirement benefits the Supreme Court recently applied the rule from *Pearson* v. *County of Los Angeles,* 49 Cal.2d 523, 543 [319 P.2d 624]: " 'In the absence of a valid . . . provision enacted prior to eligibility for retirement which provides for forfeiture, once a person who has undertaken public employment . . . becomes eligible for retirement, his right to a pension cannot be destroyed merely because he is subsequently removed from office for his own misconduct. [Citation.]' " (*Willens* v. *Commission on Judicial Qualifications,* 10 Cal.3d 451, 458-459 [110 Cal.Rptr. 713, 516 P.2d 1].)

Candella's discharge, resulting in his inability to fulfill the five-year

---

[3]"Insofar as the *time* of vesting [of pension rights] is concerned, there is little reason to make a distinction between the periods before and after the pension payments are due. . . . the mere fact that performance is in whole or in part dependent upon certain contingencies does not prevent a contract from arising, and the employing governmental body may not deny or impair the contingent liability any more than it can refuse to make the salary payments which are immediately due. Clearly, *it cannot do so after all the contingencies have happened,* [italics ours] and in our opinion it cannot do so at any time after a contractual duty to make salary payments has arisen, since a part of the compenastion which the employee has at that time earned consists of his pension rights." (*Kern* v. *City of Long Beach,* 29 Cal.2d 848, 855 [179 P.2d 799].)

service requirement, cannot destroy his right to benefits. He was eligible for retirement before the change in eligibility requirements was enacted, and the change cannot eliminate that existing right and deprive him of his pension.

Although pension systems must be flexible and subject to change, "modifications affecting the earned pension rights of active employees must be reasonable, related to the theory of a sound pension system, and changes detrimental to the individual must be offset by comparable new advantages. [Citations.]" (*Lyon* v. *Flournoy,* 271 Cal.App.2d 774, 782 [76 Cal.Rptr. 869].)

In this case the change for pension qualifications from the $500 in contributions to five years of service is a substantial modification, and is unreasonable to Candella, who received no new advantage.

Judgment reversed.

Ault, J., and Coughlin, J.,* concurred.

---

*Retired Associate Justice of the Court of Appeal sitting under assignment by the Chairman of the Judicial Council.