[Civ. No. 26327. First Dist., Div. Four. Mar. 5, 1970.]

ETHEL F. SHEEHAN et al., Plaintiffs and Appellants, v.
EUGENE E. ELDREDGE, as Trustee, etc.,
et al., Defendants and Respondents.

COUNSEL

Heisler & Stewart, Francis Heisler, Herbert A. Schwartz and Richard M. Silver for Plaintiffs and Appellants.

William H. Stoffers, County Counsel, and Paul R. DeLay, Deputy County Counsel, for Defendants and Respondents.

OPINION

**CHRISTIAN, J.**—Appellants are teachers employed by the Salinas Union High School District; feeling aggrieved by the decision of the district governing board to purchase group health insurance benefits for district employees under Government Code, section 53202 et seq.,[1] appellants petitioned for a writ of mandate to compel a revision of the district salary schedule. The appeal is from a judgment of dismissal entered after the court sustained respondent board members' general demurrer.

Appellants' basic complaint is that the particular group health insurance

---

[1]Section 53202. "In providing health and welfare benefits the local agency may approve plans of their officers and employees or may contract with one or more admitted insurers or health service organizations for such plan or plans of health and welfare benefits as the local agency shall determine to be in the best interests of the local agency and the officers and employees electing to accept the benefits. Approval of or application for such benefits may be made by the local agency upon its own motion or with the consent of the legislative body after considering the preference of the employees of the agency, and two or more alternative plans of health and welfare benefits may be offered to the employees if the local agency determines that such action is desirable."

plan which the district board decided to purchase for its employees is more valuable to teachers who have dependents covered under the plan than to those who have no dependents. The petition alleged that part of the cash salaries of teachers was "directed toward the purchase of health insurance pursuant to an order of the [r]espondents." That allegation is incorrect as a matter of law; it was properly pointed out to the court by respondents (and is now conceded by appellants) that the health insurance benefit in question was not paid for out of payroll deductions; the plan was purchased by the district out of district funds, pursuant to Government Code, section 53202 et seq.

Under Education Code, section 13502, the salaries of the district's teachers are fixed by the governing board. It is true, as appellants point out, that Education Code section 13501[2] prohibits wage discrimination on the basis of sex and that section 13506,[3] in allowing salary differential on the basis of "years of training and . . . years of service" does not specifically authorize any other kind of differential such as differences in the value of employment-related benefits. Nevertheless, appellants' contentions amount only to the assertion that if a district board chooses to purchase for its employees a group health plan, which under Government Code section 53202 it has "determined to be in the best interests of the [district] and the officers and employees electing to receive the benefits," it must, if a group plan providing benefits for family members is selected, somehow equalize the cash equivalent of the plan for all employees. It is not clear how this would be done: perhaps by ascertaining the cash value of the health plan to the district employee with the largest number of covered dependents, then computing the cash value of coverage as to every other employee, taking account of the number of his dependents, if any, and paying equalizing cash benefits in varying amounts to all employees other than the one with the largest number of dependents.

The administrative absurdity of such a scheme is apparent; indeed, although the petition prayed for a writ directing respondents "to prepare a schedule of salaries which conform[s] to the principle of uniformity, to be approved by [the] court; . . ." the real purpose of the proceeding is to compel the district to disregard the vote of a majority of covered employees

---

[2]Section 13501. "Females employed as teachers in the public schools of the State shall, in all cases, receive the same compensation as is allowed male teachers for like services, when holding the same grade certificates."

[3]Section 13506 (text prior to amendment by Stats. 1969, ch. 1314, §1).
"Uniform allowance may be made in any schedule of salaries for years of training and for years of service.
"In no case shall the governing board of a school district draw orders for the salary of any teacher in violation of this section, nor shall any superintendent draw any requisition for the salary of any teacher in violation therof."

taken as provided by Government Code section 53202 and select another health insurance plan. ■ But there is no basis in the statutes nor the Constitution for such a requirement. ■ It appears, therefore, that the provision of health insurance coverage at the expense of the district was a matter within the discretion of the governing board. ■ Hence the petition did not state a cause of action for issuance of a writ of mandate to compel the manner in which the board exercised its discretion. (3 Witkin, Cal. Procedure (1954) Extraordinary Writs, § 45, p. 2527; *Faulkner* v. *California Toll Bridge Authority* (1953) 40 Cal.2d 317 [253 P.2d 659].)

The judgment of dismissal is affirmed.

Devine, P. J., and Rattigan, J., concurred.

A petition for a rehearing was denied March 31, 1970, and appellants' petition for a hearing by the Supreme Court was denied April 29, 1970.