[No. B049082. Second Dist., Div. Six. Apr. 4, 1991.]

VENTURA COUNTY RETIRED EMPLOYEES' ASSOCIATION, INC., Plaintiff and Appellant, v.
COUNTY OF VENTURA et al., Defendants and Respondents.

**COUNSEL**

Cohen, England & Whitfield and Mitchel B. Kahn for Plaintiff and Appellant.

James L. McBride, County Counsel, and Dennis L. Slivinski, Assistant County Counsel, for Defendants and Respondents.

## OPINION

**YEGAN, J.**—In this first impression case which has significant fiscal impact for county government, its employees, and retirees, we hold (1) Government Code section 53205.2 does not require a county to provide health care benefits to retirees which are equal to those provided to active employees, and (2) that Government Code section 25263 exempts county's self-insured health benefit plan from what appellant claims is restrictive language of section 53205.2.[1]

Appellant is a nonprofit mutual benefit corporation whose members are retirees of the County of Ventura (County). Appellant's complaint for declaratory relief and petition for writ of mandate prayed that "no retiree can be required . . . to pay higher rates than current employees for comparable medical coverage." Therein appellant claimed that section 53205.2 required the County to provide retirees medical coverage comparable to that received by active employees at no additional cost or administrative fee. We parenthetically observe that no matter how the contentions are phrased, appellants want health care benefits which are equal in cost to those provided to active employees.

On August 1, 1987, County initiated a self-insured health plan removing County retirees from the pool of active employees receiving medical health

---

[1] Unless otherwise specified, all statutory references are to the Government Code.

Section 53205.2 provides: "In granting the approval specified in Sections 53202 and 53202.1 the local agency or governing board shall give preference to such health benefit plans as do not terminate upon retirement of the employees affected, and which provide the same benefits for retired personnel as for active personnel at no increase in costs to the retired person, provided that the local agency or governing board makes a contribution of at least five dollars ($5) per month toward the cost of providing a health benefits plan for the employee or the employee and the dependent members of his family. In the case of retired personnel who receive retirement benefits under the State Employees' Retirement System, the health benefits coverage provided for annuitants by a health benefits plan under the Meyers-Geddes State Employees' Medical and Hospital Care Act shall satisfy the requirements of this section."

Section 25263 provides: "Notwithstanding any other law to the contrary, the board of supervisors of a county may, by resolution, establish and maintain a reserve account to insure against its liability or the liability of its employees for injuries, for liability under the workers' compensation laws, for casualty losses incurred by the county, and for providing health and welfare benefits for its employees. In such event, a county may elect to be wholly or partially self-insured, and if such reserves are established, the board of supervisors shall prescribe procedures whereby the reserves may be used to pay for settlement of claims; payment of property losses; payment of attorney and investigator fees; and payment of insurance and broker fees if the county elects to be partially insured. If such reserves are established, appropriations shall be made to such reserves, and payments may be made from such reserves for the above purposes without specific appropriation. All interest earned by the reserve shall be credited to the reserve. [¶] The board of supervisors may authorize any district for which the board is the governing body to establish and maintain the reserves authorized by this section."

benefits. Retirees may chose between two health maintenance organizations (HMO's). Active employees have the option of participating in the HMO's or a more comprehensive medical benefits indemnity plan.

Under the indemnity plan, the employee chooses the health care provider and is reimbursed or indemnified for medical costs. The indemnity plan is a self-insured plan funded by the County. Only two groups of retirees may participate in the indemnity plan: those that reside outside a HMO service area; and new retirees who elect to continue their existing employee coverage (subject to a 2 percent administrative fee) for eighteen months as required by the Consolidated Omnibus Budget Reconciliation Act (COBRA), codified at 42 United States Code Service section 300bb-1 et seq. HMO's are medical organizations that contract with the County which acts as the self-insured provider.

Although active employees must participate in County's health insurance plans, retirees can voluntarily withdraw from County-offered HMO plans at any time.

Approximately 15 percent of the 1,989 Ventura County retirees participate in County's HMO plans. During 1987-1988, medical claims submitted by retirees participating in the two HMO plans resulted in a $996,000 deficit. County funded the deficit by adding a $66.51 monthly charge to the HMO base premium rate offered retirees. This cost allocation and the resulting premium differential prompted petitioner to file this lawsuit.

Retirees also receive a monthly supplemental allowance (ranging from $248.44 to $388.44) from the Ventura County Retirement Board to help defer medical costs. In most instances the retirement board subsidy fully compensates retirees for any additional health plan costs. Since the retirement board is a separate entity and not controlled by the Ventura County Board of Supervisors, appellant contends any monthly supplements paid retirees may not be used by County as a section 53205.2 offset against disparate premiums and administrative costs presently being charged.

Based on undisputed facts the trial court found (1) County's self-insured health benefit plans are exempt from any restrictive language of section 53205.2, and (2) the retirement board's supplemental benefit payments could be used as a section 53205.2 offset to eliminate any cost disparity between retirees and active employees. The trial court rejected appellant's claim" . . . that medical care benefits and costs for retired personnel must be the same as those provided for employees."

■ "It is well settled that the interpretation and application of a statutory scheme to an undisputed set of facts is a question of law [citation] which is subject to de novo review on appeal. [Citation.]" (*Rudd* v. *California Casualty Gen. Ins. Co.* (1990) 219 Cal.App.3d 948, 951-952 [268 Cal.Rptr. 624].) While we engage in de novo review, we concur with the trial court's well-reasoned analysis.

■ The spiraling cost of health care in America is simply unconscionable. The present high cost of medical insurance has unfortunately become a fact of life which in most instances results in disparate rates and medical coverage for those who can least afford it, including retirees. This is not the fault of the Legislature or county government. In these fiscally troubled times, legislative bodies are confronted with difficult decisions which may adversely affect large segments of the population. Section 25263 was enacted in 1977 to provide a basis for relief and gives counties the discretionary power to create reserve accounts for self-insured health benefit plans. Counties retain the budgetary discretion to determine how self-insured health plans are funded, particularly when conventional health plans are unavailable on the open market.

Section 53205.2, enacted in 1963, does not require equal health care benefits for active employees and retirees. Had the Legislature so intended, it surely would have said so. Section 53205.2 requires only that counties give "preference" to health benefit plans which furnish retirees and active employees the same health benefits at no cost increase to retirees. Such a "preference" should only be made if health plans are commercially available and actuarially sound. County's self-insured plans are no different than conventional medical insurance offered by a commercial carrier. When confronted with an operating deficit, premiums and administrative costs must be adjusted to reflect the true cost of insuring retirees as a separate risk pool. Although self-insured health care providers are subject to COBRA (42 U.S.C.S. § 300bb-1 et seq.), we have found no case or statutory authority for the proposition that section 53205.2 perpetually extends a retiree's COBRA umbrella once the 18-month time period elapses.

Except when COBRA applies, retirees have no present entitlement to County-furnished health care benefits. Appellant concedes that County's initial decision to furnish health care benefits to retirees is purely discretionary. (See § 31691.) Once a county elects to provide a health benefit plan, section 53205.2 does not compel it to subsidize a retiree health plan that no private insurer could underwrite on a fiscally sound basis. Such a construction would thwart any incentive to offer self-insured health benefit plans to either active employees or retirees.

Were we to credit appellant's claim, the County would be required to create and operate an actuarially unsound self-insured plan that would simultaneously compromise the health and welfare interests of active employees and retirees. Ongoing operating deficits could result in limitations on hospitalization and convalescent care. Such deficits could also eliminate the County's wellness program, dental coverage, eye care coverage, and prenatal care programs.

County's discretionary power to select a particular health benefit plan is found in sections 53202 and 53202.1. Section 53205, in pertinent part, provides the legislative body ". . . may authorize payment of all, *or such portion as it may elect*, of the premiums . . . for health and welfare benefits of . . . employees [and] retired employees . . . ." (Italics added.) Section 53205.16 was later enacted ". . . to make it clear that the Legislature intended that legislative bodies be able to pay for insurance or health benefits . . . ."

As indicated, we hold that section 53205.2 does not require County to provide health care benefits to retirees which are equal to those provided to active employees. County is not compelled to offer retirees and active employees a health plan funded by a single and uniform premium to both groups of insureds. This analysis moots the issue of whether section 31691.1 retirement board supplemental benefits can be factored into the 53025.2 equation as an offset against disparate premium charges.

■ "Issuance of mandamus . . . will lie to compel action by a public body or official only if there is a clear, present, and ministerial obligation to take the action. [Citations.]" (*Sklar* v. *Franchise Tax Board* (1986) 185 Cal.App.3d 616, 622 [230 Cal.Rptr. 42].) A writ of mandate will not issue compelling County to exercise its budgetary discretion in a particular manner (see *Sklar, supra,* at p. 622) or ". . . to perform legislative acts in a particular manner. [Citations.]" (*Board of Supervisors* v. *California Highway Commission* (1976) 57 Cal.App.3d 952, 961 [129 Cal.Rptr. 504].)

Having failed to persuade the board of supervisors, and there being no appropriate judicial remedy, appellant's recourse is to ask the Legislature to enact into law what it erroneously perceives in section 53205.2.

The judgment is affirmed.

Stone (S. J.), P. J., and Gilbert, J., concurred.

Appellant's petition for review by the Supreme Court was denied June 27, 1991.