TO BE PUBLISHED IN THE OFFICIAL REPORTS

OFFICE OF THE ATTORNEY GENERAL
State of California

DANIEL E. LUNGREN
Attorney General

|  |  |  |
|---|---|---|
| OPINION | : | |
| | : | No. 92-1008 |
| of | : | |
| | : | MAY 5, 1993 |
| DANIEL E. LUNGREN | : | |
| Attorney General | : | |
| | : | |
| CLAYTON P. ROCHE | : | |
| Deputy Attorney General | : | |
| | : | |

THE HONORABLE L. B. ELAM, COUNTY COUNSEL, County of Sacramento, has requested an opinion on the following questions:

1.    Is an "official declaration of policy" required for a special district to provide health benefits to its elective officers pursuant to Government Code sections 53200-53210?

2.    May a special district provide health benefits to the spouses and dependents of former directors pursuant to Government Code sections 53200-53210?

3.    May directors of special districts qualify as "employees" or "annuitants" under the Public Employees' Medical and Hospital Care Act?

CONCLUSIONS

1.    An "official declaration of policy" is not required for a special district to provide health benefits to its elective officers pursuant to Government Code sections 53200-53210 unless the particular district's organic act so requires.

2.    A special district may provide health benefits pursuant to Government Code sections 53200-53210 to the spouses and dependents of former directors who served in office after January 1, 1981, and whose length of service at the time of termination was not less than twelve years.

3.    Directors of special districts may qualify as "employees" or "annuitants" under the Public Employees Medical and Health Care Act.

ANALYSIS

A.    Government Code sections 53200-53210

1.                                                                                      92-1008

Sections 53200-53210 of the Government Code[1] authorize the legislative body of a local agency to grant group insurance and health and welfare benefits to its officers and employees, their spouses, and dependents. For purposes of this act a "local agency" is defined as "a county, city, school district, district, municipal corporation, political subdivision, public corporation, or other public agency of the state." (§ 53200.)

Within the context of this legislative scheme, we are asked two questions: (1) is an "official declaration of policy" required to provide health benefits and (2) may the spouses and dependents of former district directors receive health benefits?

1. Official Declaration of Policy

The first question to be resolved is whether an "official declaration of policy" is required to provide health benefits pursuant to sections 53200-53210. By an "official declaration of policy" we presume what is meant is the adoption of a formal policy which sets forth the type of benefits to be granted, the terms and conditions under which the benefits will be provided, and the classes of personnel for whom the benefits will be furnished, so that the officers and employees, whether past, present, or future, may determine their rights. (See, e.g., *Thorning* v. *Hollister School Dist.* (1992) 11 Cal.App.4th 1598, 1607; *California League of City Employee Associations* v. *Palos Verdes Library Dist.* (1978) 87 Cal.App.3d 135, 137-138; 67 Ops.Cal.Atty.Gen. 510, 512 (1984) ["In our view . . . health and life insurance benefits provided pursuant to an official declaration of policy may not be discontinued during the current terms of board members"].)[2]

Section 53201 is the basic provision of this statutory scheme with respect to the granting of health benefits to district officers and employees. It states:

"(a) The legislative body of a local agency, subject to conditions as may be established by it, may provide for any health and welfare benefits for the benefit of its officers, employees, retired employees, and retired members of the legislative body who elect to accept the benefits and who authorize the local agency to deduct the premiums, dues, or other charges from their compensation, to the extent that the charges are not covered by payments from funds under the jurisdiction of the local agency as permitted by Government Code Section 53205.

"(b) The legislative body of a local agency may also provide for the continuation of any health and welfare benefits for the benefit of former elective members of the legislative body who (1) served in office after January 1, 1981, and whose total service at the time of termination is not less than 12 years, or (2) have completed one or more terms of office, but less than 12 years, and who agree to and do pay the full costs of the health and welfare benefits.

"(c) The legislative body of a local agency that is a local hospital district may provide for any health and welfare benefits for the benefit of (1) members of its

_____

[1]All section references are to the Government Code unless otherwise indicated.

[2]*Thorning* relied on our opinion in 67 Ops.Cal.Atty.Gen., *supra*, 510, which contains a comprehensive discussion of the "vesting" of benefits under various circumstances where there is an "official declaration of policy." (But see *Orange County Employees Assn.* v. *County of Orange* (1991) 234 Cal.App.3d 833, 839; *Ventura County Retired Employees Assn.* v. *County of Ventura* (1991) 228 Cal.App.3d 1594, 1598.)

medical staff, employees of the medical staff members, and the dependents of both groups on a self-pay basis; and (2) employees of any entity owned, managed, controlled, or similarly affiliated with, the legislative body of the local hospital district, and their dependents, on a self-pay basis."

As is evident, there is nothing in section 53201 which requires an official declaration of policy.[3]  The section grants authority to the legislative body to provide benefits "subject to conditions as may be established by it."  No procedure or mode for providing the benefits is set forth.  Nor is any procedure or mode set forth in any of the other provisions of sections 53200-53210.

Accordingly, we conclude in answer to the first question that the legislative body may take action in any proper way, whether it be by ordinance, resolution, motion, or otherwise, as found in the laws specifically governing the particular legislative body.[4]  An additional declaration of policy is not required.

2.  Spouses and Dependents of Former Directors

The second question presented is whether a special district may provide health benefits to the spouses and dependents of former district directors under the terms of sections 53200-53210.  Sections 53205 and 53205.1 are the operative provisions.  Section 53205 provides in part:

"From funds under its jurisdiction, the legislative body may authorize payment of all, or such portion as it may elect, of the premiums, dues, or other charges for health and welfare benefits of officers, employees, retired employees, former elective members specified in subdivision (b) of Section 53201, and retired members of the legislative body subject to its jurisdiction."

Section 53205.1 states in part:

"From funds under its jurisdiction, the legislative body may authorize payment of all or such portion as it may elect of the premiums, dues, or other charges for health and welfare benefits on the spouse and dependent children under the age of 21, dependent children under the age of 25 who are full-time students at a college or university, and dependent children regardless of age who are physically or mentally incapacitated, of such officers and employees subject to the jurisdiction and for whom such health and welfare benefits have been provided."

It is apparent that section 53205.1 authorizes the provision of health benefits for the spouses and dependents "of such officers and employees subject to the jurisdiction and for whom such health and welfare benefits have been provided."  Which district "officers and employees" meet these qualifications?

---

[3]In contrast, for example, we note that school boards are required to adopt policies regarding specified matters under the express terms of Education Code section 35160.5.

[4]This request for our opinion arose in the context of a fire protection district.  As to such a district, Health and Safety Code section 13856, subdivision (b) provides:    "The district board shall act only by ordinance, resolution, or motion . . . ."

For purposes of the legislative scheme as a whole, the phrase "officers and employees" is defined as "all employees and officers, including members of the legislative body, who are eligible under the terms of any plan of health and welfare benefits by a local agency pursuant to this article."  (§ 53200, subd. (e).)  This definition conforms to the second requirement of section 53205.1 that the officers and employees be those "for whom such health and welfare benefits have been provided."[5]

Under section 53205, the directors of a special district for whom health benefits may "have been provided" are (1) current directors, (2) former elective  directors who have served not less than 12 years at the time of leaving their offices, and (3) retired directors.[6]  The spouses and dependents of these individuals would accordingly qualify under the terms of section 53205.1.

It has been suggested, however, that the spouses and dependents of former or retired directors should be excluded from the authorization contained in section 53205.1.  We see no basis for this suggestion.  The operative statutory language is that the spouses and dependents of the officers and employees who are "subject to the jurisdiction and for whom . . . health benefits have been provided" may be granted benefits at the local agency's expense.[7]

Reading sections 53201, 53205, and 53205.1 together in the context of the statutory scheme as a whole, we conclude in answer to the second question that if a district has provided health benefits to retired or former directors (§§ 53201, 53205), it may also do so for the spouses and dependents of "such officers."  (See also 66 Ops.Cal.Atty.Gen. 13 (1983) [hospital district may provide health insurance benefits to board members pursuant to section 53201 and also their dependents pursuant to sections 53205 and 53205.1].)[8]

B.     The Public Employees' Medical and Hospital Care Act

The Public Employees' Medical and Hospital Care Act ("PEMHCA") is found in sections 22751-22883 and is administered by the Public Employees Retirement System Board of Administration ("Board").  (§ 22771.)  Under PEMHCA local agencies such as districts may elect, as "contracting agencies," to provide health benefits for their employees and annuitants.  (§§ 22754, 22850-22854).  The third question presented for analysis is whether local district directors may

---

[5]We interpret the phrase "have been provided" as "having been made available to" in the past and continuing into the present.

[6]The nature of a "retired" member, as distinguished from a former elective member, was analyzed in 62 Ops.Cal.Atty.Gen. 631, 633 (1979).

[7]Just because a person retires or is a "former" director does not mean that he or she is no longer "subject to the jurisdiction."  (See § 53205 ["retired members of the legislative body subject to its jurisdiction"].)

[8]As we stated in our 1983 opinion:  "No `gift of public funds' problem arises since the providing of family health insurance serves a public purpose in compensating the directors for their services performed.  (See Cal. Const., art. XVI, § 6; *County of Alameda  v. Carleson* (1971) 5 Cal.3d 730, 745-746; *Cane* v. *City and County of San Francisco* (1978) 78 Cal.App.3d 654, 660; *Sheehan* v. *Eldridge* (1970) 5 Cal.App.3d 77, 78-80.)"  (66 Ops.Cal.Atty.Gen., *supra*, 15, fn. 4.)  We assume for purposes of this analysis that the "gift clause" as well as the "extra compensation" clauses (Cal. Const., art IV, § 17; art XI, § 10; see 73 Ops.Cal.Atty.Gen. 296, 300-304 (1990)) would not be violated in the granting of the proposed benefits.

qualify for health coverage under PEMHCA as "employees" or "annuitants."  We conclude that they may.

Initially, we note that PEMHCA authorizes an alternative method for local agencies in providing health benefits to their personnel.  As in questions one and two, a local agency may elect to operate solely under sections 53200-53210 and contract for its own health benefits (§ 53202); it may elect to operate solely under PEMHCA; or it may elect to use both statutory schemes for separate coverages.  When providing both coverages, however, the local agency is required to meet certain minimum standards prescribed by the Board as to the non-PEMHCA coverage.  (§ 22852.)

Subdivisions (b) and (e) of section 22754 define "employees" and "annuitants" as follows:

"(b) `Employee' means:

"(1) . . . any officer or employee who is a local or school member of the Public Employees' Retirement System employed by a contracting agency which has elected to be or otherwise has become subject to this part, . . . or who is an employee or annuitant of a special district or county subject to the County Employees' Retirement Law of 1937 . . . which has elected to become subject to this part, or who is an employee or annuitant of a special district . . . which has elected to become subject to this part, except persons employed on an intermittent, irregular or less than half-time basis . . . .

"(2) Any officer or employee who participates in the retirement system of a contracting agency . . .  which has elected to become subject to this part, except persons employed less than half-time or who are otherwise determined to be ineligible.

". . . . . . . . . . . . . . . . . . . . . . . .

"(e) `Annuitant' means:

". . . . . . . . . . . . . . . . . . . . . . . .

"(3) Any employee who has retired under the retirement system provided by a contracting agency . . . and who receives a retirement allowance from that retirement system, or a surviving family member who receives the retirement allowance in place of the deceased.

"(4) Any person who was a state member for 30 years or more and who, at the time of retirement, was a local member employed by a contracting agency."

It is apparent that under both subdivision (b)(1) and (b)(2), any "officer or employee" or "annuitant" of a special district which is a "contracting party" may participate in PEMHCA.  It is further seen that "annuitant" is also defined in subdivision (e)(3) to include retired "employees" of "contracting parties" having their own retirement systems.  This could include a special district.

It has been suggested, however, that district directors are to be excluded under these definitions of "employees" due to the express statutory exclusion of "persons employed on a less

than a half-time basis."  The directors will generally only attend monthly board meetings, and this should be considered "less than a half-time basis."  We disagree for several reasons.

First of all, an elective board member holds office for 24 hours a day during his or her incumbency.  Accordingly, directors are not "part-time help" to fill employment positions when full-time employees are not needed.  It is a cardinal rule of statutory construction that statutes should be given a reasonable and common sense interpretation, one which conforms to the apparent intention of the Legislature and not one which leads to mischief or absurdity.  (See, e.g., *Clean Air Constituency* v. *California State Air Resource Bd.* (1974) 11 Cal.3d 801, 813-814; *City of Costa Mesa* v. *McKenzie* (1973) 30 Cal.App.3d 763, 769-770.)  In our view, it would be unreasonable and contrary to the apparent intent of the Legislature to interpret section 22754 as excluding the directors of a special district from coverage by classifying them as part-time employees of the district.

Secondly, there is a statutory basis for including directors as "employees" under PEMHCA.  Pursuant to the provisions of the Public Employees Retirement Law ("PERL"), local agencies may elect retirement coverage for their officers and employees.  A "contracting agency" for purposes of PEMHCA is defined to include a local agency which has elected coverage under PERL.  (See § 22754, subd. (g).)  For purposes of PERL, an "elective officer" is defined to include ". . . officers of . . . contracting agencies elected by the people" (§ 20361), with an "elective officer" deemed to be serving full-time.  Section 20814 states:

> "In computing the amount of service to be credited to a member who is entitled to credit under this part for service as an elective officer, a year of service shall be credited for each year of tenure in such office.  A person serving in such office shall be deemed to be serving on a full-time rather than a part-time basis for all purposes of this part."

While the definitions in PERL do not necessarily control the meaning of the terms found in PEMHCA, the Board, which administers both laws, has consistently applied the PERL definition of "elective officer" in determining coverage for elective officers under PEMHCA.  Such administrative interpretation is to be accorded great respect and will be followed by the courts unless clearly erroneous.  (*Dix* v. *Superior Court* (1991) 53 Cal.3d 442, 460; *Noroian* v. *Dept. of Administration, PERS* (1970) 11 Cal.App.3d 651, 655.)  As discussed above, in our view such interpretation furnishes a reasonable and common sense construction of the statutes.

Finally, PERL and PEMHCA are interrelated acts in *pari materia*.  They both have the same general purposes for the same classes of persons, that is, to provide benefits to public employees and their dependents.  As such, they should be harmonized and construed together.  (*Long Beach Police Officer Assn.* v. *City of Long Beach* (1988) 46 Cal.3d 736, 744; *Isobe* v. *Unemployment Ins. Appeals Bd.* (1974) 12 Cal.3d 584, 590-591.)

For the foregoing reasons we conclude in answer to the third question that directors of special districts may qualify as "employees" or "annuitants" under PEMHCA.

\* \* \* \* \*