RETIRED EMPLOYEES ASSOCI-
ATION OF ORANGE COUN-
TY, INC., Plaintiff,

v.

COUNTY OF ORANGE, Defendant.

Case No. SACV 07–1301 AG(MLGx).

United States District Court,
C.D. California.

June 19, 2009.

984

G. Scott Emblidge, Michael P. Brown, Rachel J. Sater, Moscone Emblidge & Quadra, San Francisco, CA, for Plaintiff.

Arthur Julian Bejarano, Arthur A. Hartinger, Edward L. Kreisberg, Neelam Naidu, Jennifer L. Nock, Meyers Nave Riback Silver and Wilson, Oakland, CA, Benjamin P. De Mayo, Teri L. Maksoudian, Orange County Counsel, Santa Ana, CA, for Defendant.

## ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT AND DENYING AS MOOT PLAINTIFF'S MOTION FOR SUMMARY ADJUDICATION

ANDREW J. GUILFORD, District Judge.

Even in difficult economic times, public employees are absolutely entitled to retirement benefits provided in contracts properly offered, approved, and accepted. But it is important that politicians who approve such benefits be held accountable whenever possible to the voters and taxpayers who ultimately pay for the benefits. This noble and necessary policy is strongly reflected in California law, which provides that the approval of a county's board of supervisors is necessary to bind the county to compensation agreements.

Plaintiff now seeks certain lifetime retirement benefits, but since the Orange County Board of Supervisors never properly approved the benefits sought, ultimate accountability to the taxpayers has been blurred. To honor the strong public policy of this State, the Court is required to find that the Defendant County of Orange is not obligated in the future to pay the benefits sought in this case, and GRANTS Defendant's summary judgment motion ("Motion"). Plaintiff's summary adjudication motion is DENIED as moot.

## BACKGROUND

Plaintiff Retired Employees Association of Orange County, Inc. ("Plaintiff") sues on behalf of approximately 4,600 retirees over a change in their health care benefits. While the parties disagree over numerous tangential issues, the essential facts are not disputed.

Since approximately 1966, the County has provided health care benefits to its retired employees. In 1985, the County began "pooling" the retired employees with the active employees in the rate-setting process. Because retirees generally require more health services than active employees, who are generally younger and healthier, pooling the two groups allowed retirees to pay lower premiums and receive greater coverage than they otherwise would (the "pooling benefit"). As the cost of health care continued to rise over the years, the County found its employee health plans underfunded and needing adjustment. On September 12, 2006, the Board approved a resolution to "split the pool," which created different premium pools for active and retired employees and became effective on January 1, 2008. Retirees now face significantly higher health insurance premiums than they paid while receiving the pooling benefit. Plaintiff ar-

gues that by discontinuing the pooling benefit, the County has breached its obligations to retirees.

Plaintiff brings seven claims against Defendant, numbered as follows: (1) breach of contract; (2) promissory estoppel; (3) violation of due process rights under the United States Constitution; (4) violation of due process rights under the California Constitution; (5) impairment of contract under the United States Constitution; (6) impairment of contract under the California Constitution; and (7) violation of the California Pension Protection Act of 1992. Defendant now moves for summary judgment of all Plaintiff's claims, arguing that the County had no legal obligation to maintain the pooling arrangement for the retirees' lifetimes.

This matter is appropriately resolved at the summary judgment stage, and Plaintiff has filed a cross motion for summary adjudication, which is mooted by this Order. Both parties have developed their arguments in numerous briefs and supplements.

## PRELIMINARY MATTERS

To support its Motion, Defendant requests that the Court take judicial notice of several documents: (1) the Orange County Board of Supervisors' Resolution No. 66–124; (2) a Second Amended Petition for Writ of Mandate, *Orange County Employees Association, Inc. v. County of Orange,* Orange County Superior Court, Case No. 47–14–49; (3) a Notice of Ruling on Respondents' Demurrer, *Orange County Employees Association, Inc. v. County of Orange,* Orange County Superior Court, Case No. 47–14–49; and (4) a Conformed Order Confirming Modified Second Plan of Adjustment, *In re County of Orange,* United States Bankruptcy Court for the Central District of California. In opposing Defendant's Motion, Plaintiff requests that the Court take judicial notice of two documents: (1) Report of the California State Public Employee Post–Employment Benefits Commission, "Funding Pensions & Retiree Health Care for Public Employees"; and (2) County of Orange, Auditor–Controller Department, 5th Annual "OC Citizens' Report."

■ Under Federal Rule of Evidence 201(b), a judicially noticed fact must be one "not subject to reasonable dispute" in that it is either generally known within the territorial jurisdiction of the trial court or capable of accurate and ready determination by resort to sources whose accuracy cannot reasonably be questioned. Fed. R.Evid. 201(b). Putting aside the issue of whether judicial notice is even necessary in relying on items like a board resolution, the Court GRANTS both parties' requests for judicial notice because all of the documents in question meet the requirements of Rule 201. *See Karen Crane–McNab, LLC v. County of Merced,* 2008 WL 4737152, *1 (E.D.Cal. Oct. 28, 2008) (taking judicial notice of a county board of supervisors' resolution under Rule 201).

Both parties have filed numerous evidentiary objections. The Court did not rely on most of the evidence under objection in making its rulings. Where the Court did rely on evidence under objection, the applicable objections were overruled.

## ANALYSIS

■ The County argues that it has no contractual obligation to continue providing the pooling benefit to retirees, making numerous potentially viable arguments. Likewise, Plaintiff makes numerous arguments, with both parties' arguments evolving throughout the litigation and briefing. This case is ultimately resolved by the requirements of the California Constitution and California Government Code Sections 25300 and 3505.1, and the Court finds

that the result in this case is not altered by any other arguments.

■ Spread across the annals of California law are numerous provisions reflecting its strong policy that approval of a county's board of supervisors is necessary to bind the county to compensation agreements. Cal. Const. Art. 11 § 1(b) (county's governing body "shall provide for the number, compensation, tenure, and appointment of employees"); Cal. Gov't Code § 25300 ("The board of supervisors shall prescribe the compensation of all county officers and shall provide for the ... compensation, ... of county employees"); Codified Ordinances of Orange County Title 1, Div. 3, Art. 1 § 1–3–2 ("The regulation of the ... compensation of officers and employees of the County of Orange ... shall ... be fixed by resolution of this Board"); Cal. Gov't Code § 3505.1 (memoranda of understanding not binding until approved by governing body of public agency); *County of Riverside v. Superior Court*, 30 Cal.4th 278, 285, 132 Cal.Rptr.2d 713, 66 P.3d 718 (2003) ("The constitutional language is quite clear and quite specific: the *county*, not the state, not someone else, shall provide for the compensation of its employees"). In California, retirement benefits are deemed part of a compensation package and may only be conferred by board action. *See Miller v. State of California*, 18 Cal.3d 808, 814, 135 Cal.Rptr. 386, 557 P.2d 970 (1977). Here, the parties do not dispute that Board resolutions do not explicitly provide that the retirees are entitled to the pooling benefit for their lifetimes. (*See* Plaintiff's Motion for Summary Adjudication at 31 ("The express provisions of the [Memoranda of Understanding] and [Personnel and Salary Resolutions] are silent on the question of the duration of retired employees' rights to participate in County-sponsored health plans at premium rates that reflect the Subsidy.").) Plaintiffs earlier seemed to embrace Resolution 84–1460 as providing the necessary Board approval, but this has proven to be an unfruitful embrace.

Plaintiff argues that the pooling benefit was an implied term of the memoranda of understanding between the parties, and is an element of deferred compensation the retirees are entitled to for their lifetimes. But cases finding such contractual obligations regarding public pensions base their findings on explicit language in statutes or legislative enactments. *See, e.g., Thorning v. Hollister School Dist.*, 11 Cal. App.4th 1598, 1609, 15 Cal.Rptr.2d 91 (1992) (relying on board legislation and California Government Code to hold that retired school board members had a vested right to post-retirement continuation of paid health care benefits, as those continued benefits were included in the school district's official declaration of policy); *California Teachers Ass'n v. Cory*, 155 Cal.App.3d 494, 506, 202 Cal.Rptr. 611 (1984) (finding contractual rights to funding where the language of the Education Code "manifest[ed] a continuing obligation to fund the Teachers' Retirement Fund in future years pursuant to statutory formulae"); *Valdes v. Cory*, 139 Cal.App.3d 773, 787, 189 Cal.Rptr. 212 (1983) ("The explicit language in the retirement law constitutes a contractual obligation on the part of the state as employer to abide by its 'continuing obligation' ... to make the statutorily set payment of monthly contributions to PERS...."); *Teachers Retirement Board v. Genest*, 154 Cal.App.4th 1012, 1030, 65 Cal.Rptr.3d 326 (2007) (California Education Code stated a legislative intent "to establish the supplemental payments pursuant to Section 24415 as vested benefits"); *Kern v. City of Long Beach*, 29 Cal.2d 848, 853, 179 P.2d 799 (1947) (relying on city charter pension provisions to find vested right).

Other cases have rejected claims similar to Plaintiff's where no statutory provision or legislative enactment specifically provided for continuation of the specified benefit. In *Ventura County Retired Employees' Association Inc. v. County of Ventura*, 228 Cal.App.3d 1594, 1598–99, 279 Cal.Rptr. 676 (1991), the court found that the county was "not compelled to offer retirees and active employees a health plan funded by a single and uniform premium to both groups of insureds," since such a benefit was not mandated by statute, and if the legislature had "intended" to require the relief the retirees sought, "it surely would have said so."

Likewise, in *Sappington v. Orange Unified School District*, 119 Cal.App.4th 949, 14 Cal.Rptr.3d 764 (2004), the court rejected the claim of retirees that they were entitled to their choice of free coverage under an HMO or PPO program, even though they had been receiving such benefits for over 20 years. The retirees relied, in part, on the Orange Unified School District Board of Education's Policy 4244.2, which stated: "The District shall underwrite the cost of the District's Medical and Hospital Insurance Program for all employees who retire from the District provided they have been employed in the District for the equivalent of ten (10) years or longer." *Id.* at 951, 14 Cal.Rptr.3d 764. The court noted that while the retirees had been receiving free coverage for years, legislative policy only required the county to "underwrite" the cost of their health insurance, and concluded that "the policy's use of the word 'underwrite' per se does not constitute a promise to pay the entire cost for enrolling in a District health plan." *Id.* at 954, 14 Cal.Rptr.3d 764. The *Sappington* court rejected the retirees' claim that past practices of providing free coverage conferred a contractual right to such coverage, holding, "Generous benefits that exceed what is promised in a contract are

just that: generous. They reflect a magnanimous spirit, not a contractual mandate." *Id.* at 955, 14 Cal.Rptr.3d 764.

The law is clear: California courts have refused to find public entities contractually obligated to provide specified retirement benefits like those Plaintiff seeks in the absence of explicit legislative or statutory authority. This law also suggests that the requirement to provide lifetime health benefits does not establish a right to a specific method of rate-setting. Here, Plaintiff has failed to provide evidence of any explicit legislative or statutory authority requiring the County to continue providing retirees the pooling benefit in setting rates. Thus, there is no genuine issue of material fact as to Plaintiffs contractual claims against the County, and the Court finds that the County is not contractually obligated to provide retirees the pooling benefit throughout their lifetimes.

Because the County has no contractual obligation to continue providing the pooling benefit, Plaintiff's claims for breach of contract and impairment of contract fail. Plaintiff's claim for promissory estoppel also fails, since the retirees could not have reasonably relied on a "clear promise" from the Board to continue the pooling benefit throughout their lifetimes. *See Aguilar v. Int'l Longshoremen's Union Local No. 10*, 966 F.2d 443, 446–47 (9th Cir.1992) (requiring a "clear and unambiguous" promise to support promissory estoppel claim, and noting that "the reasonableness and foreseeability of the ... workers' reliance were matters of law for the court's determination"); *Katsura v. City of San Buenaventura*, 155 Cal. App.4th 104, 109, 65 Cal.Rptr.3d 762 (2007) ("Persons dealing with a public agency are presumed to know the law with respect to any agency's authority to contract"); *Bollow v. Fed. Reserve Bank of San Francis-*

*co*, 650 F.2d 1093, 1100 (9th Cir.1981) (federal employee charged with knowledge that his superior did not have legal authority to make assurances at issue: "it is well established that anyone who deals with the government assumes the risk that the agent acting in the government's behalf has exceeded the bounds of his authority"). Plaintiff's claims for violation of due process fail because the retirees have no vested property right to continue to receive the pooling benefit. *See Nunez v. City of Los Angeles*, 147 F.3d 867, 872–73 (9th Cir.1998) (holding that a "property interest" sufficient to support a due process claim requires a "binding assurance," and not a mere unilateral expectation). Finally, Plaintiff has not raised a genuine issue of material fact as to whether the County's discontinuation of the pooling benefit violates the California Pension Protection Act. Defendant is entitled to summary judgment on all of Plaintiffs claims.

While the Court finds that the County is not obligated to continue providing retirees with the pooling benefit, the Court is not unsympathetic to the retirees' plight. As the *Ventura* court recognized, the spiraling cost of health care in America is "simply unconscionable," and often "results in disparate rates and medical coverage for those who can least afford it, including retirees." *Ventura*, 228 Cal. App.3d at 1598, 279 Cal.Rptr. 676. But here, since the benefits Plaintiff seeks were never properly approved by the Orange County Board of Supervisors, and ultimate accountability to voters and taxpayers has been blurred, this Court cannot require the County to continue providing such benefits. Still, the retirees are not left without a remedy, and may petition the Board of Supervisors to revisit their claim in the political arena facing the scrutiny of taxpayers and voters. Indeed, health care benefits are now a political issue at all levels of government up to the White House. In the political arena, competing interests seek limited government funds in a zero sum contest, and this competition is robust and important during difficult economic times. This Court may not remove Plaintiff's claims from the process that requires more explicit approval of the Plaintiff's requested benefits than what exists in this case. If the Board of Supervisors finds that Plaintiff's claims are more just and worthwhile than competing claims, then the Board must clearly and publicly provide the necessary approval.

## DISPOSITION

Defendant's summary judgment motion is GRANTED, and Plaintiff's summary adjudication motion is DENIED as moot. Defendant may submit a brief, concise proposed judgment to the Court within 14 days of this Order.

IT IS SO ORDERED.